UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CARL ALEXANDER WESCOTT,<br><br>    Plaintiff,<br><br>  vs.<br><br>JOSEPH MARTIN, et al.,<br><br>    Defendants. | Case No: C 18-7104 SBA<br><br>Related to:<br>No. C 17-7330 SBA<br>No. C 18-5842 SBA<br><br>**ORDER** |

    The instant action is the third identical lawsuit filed by pro se plaintiff Carl Alexander Wescott against Defendants Joseph Martin and his wife, Lena Lightfoot (collectively "Defendants").[1] In the first action, Wescott v. Martin, Case No. C 17-7330 SBA ("Wescott I"), Defendants filed a motion to dismiss and strike, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f), respectively. Plaintiff failed to file an opposition within the deadline prescribed by the Local Rules. Although the Court could have granted the motion to dismiss as unopposed, the Court sua sponte allowed Plaintiff additional time to respond. Wescott I, Dkt. 30. The Court explicitly warned Plaintiff that the failure to file a response within the extended deadline would result in dismissal of the action. Id. Plaintiff failed to file a response, which resulted in the dismissal of the action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b). Id., Dkt. 32.

    Plaintiff subsequently refiled his lawsuit against Defendants, Wescott v. Martin, Case No. 18-5842 SBA ("Wescott II") and submitted a request to proceed in forma pauperis ("IFP"). On October 25, 2018, the Court issued an Order denying the request without prejudice. In its Order, the Court discussed the numerous deficiencies in the application that resulted in its denial. Wescott II, Dkt. 8. The Court warned Plaintiff that if

---

[1] Pursuant to Local Rule 3-12, this matter shall be deemed "related" to No. C 17-7330 SBA and No. C 18-5842 SBA.

he failed to file a renewed IFP application or pay the Court filing fee by November 5, 2018, the action would be dismissed under Rule 41(b).  Plaintiff failed to comply with the Court's Order; as a result, on November 8, 2018, the Court dismissed the action without prejudice to filing a new action upon paying the requisite fee.  Id.

On November 20, 2018, Plaintiff filed the instant action against Defendants.  Contrary to the Court's November 8 Order in Wescott II, Plaintiff did not accompany the refiled Complaint with the payment of the filing fee.  Instead, he filed a request to proceed IFP.  Dkt. 1, 2.  On December 5, 2018, Magistrate Judge Elizabeth Laporte, the judge to whom the case was assigned at intake, transferred the action to this Court, pursuant to Civil Local Rule 3-3(c).  On December 6, 2018, the action was reassigned to this Court, which then set a telephonic case management conference for February 20, 2019, with a case management statement due seven days prior to the conference.  Dkt. 7, 8.  Plaintiff neither filed a case management statement nor appeared at the case management conference.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

Here, it is clear that Plaintiff has repeatedly violated Orders of this Court.  The Court's dismissal Order in Wescott II only permitted Plaintiff to refile his lawsuit "upon paying the requisite filing fee."  Wescott II, Dkt. 9.  Plaintiff violated that Order by failing to pay the filing fee, and instead, resubmitting a deficient application to proceed IFP.[2]

---

[2] Plaintiff's resubmission of a new IFP application in this action is nothing more than an attempt to circumvent the Court's prior Order.  In any event, the Court finds that Plaintiff's renewed IFP application suffers from the same deficiencies as the application filed in Wescott I.

1    Plaintiff also violated the Court's initial scheduling order by failing to file a case
2    management statement and by failing to appear for the case management conference.
3    Although Plaintiff is pro se, he remains obligated to comply with the governing procedural
4    rules and Court Orders applicable to a represented party. See Ghazali v. Moran, 46 F.3d
5    52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se
6    litigants are bound by the rules of procedure.") (per curiam); see also Briones v. Riviera
7    Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (observing that ignorance of court rules
8    is not "excusable neglect, even if the litigant appears pro se").
9            With regard to the disposition of this case, the relevant factors militate in favor of
10   dismissal.  The first and second factors favor dismissal based on the public's interest in
11   expeditious resolution of actions and the Court's need to manage its docket.  See
12   Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without
13   being subject to routine noncompliance of litigants."); Yourish v. Cal. Amplifier, 191 F.3d
14   983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation
15   always favors dismissal.").  The third factor, risk of prejudice to the defendants, weighs in
16   favor, as Plaintiff has failed to justify his repeated non-compliance.  Pagtalunan, 291 F.3d
17   at 642 (risk of prejudice shown by lack of excusable neglect).
18           As to the fourth factor, the Court has already considered less drastic sanctions, as
19   shown by the prior opportunities afforded to Plaintiff to pay the filing fee and/or submit an
20   amended IFP application to rectify the deficiencies of his prior application.  Although the
21   fifth factor provides that a disposition on the merits is preferable, Plaintiff already has
22   forfeited such an opportunity by failing to oppose Defendants' Rule 12(b)(6) motion in
23   Wescott I.  After Plaintiff failed to timely file an opposition, the Court sua sponte granted
24   him an extension of time to submit an opposition and warned Plaintiff that the failure to
25   respond by the extended deadline would result in the dismissal of the action.  Despite that
26   opportunity, Plaintiff filed nothing in response to the motion.
27           Similarly, in Wescott II, the Court rejected Plaintiff's IFP application but allowed
28   him an opportunity to proceed by paying the filing fee or submitting an amended IFP

1 application addressing the deficiencies noted by the Court.  The Court again warned
2 Plaintiff that the failure to do either would result in the dismissal of the action.
3 Notwithstanding that warning, Plaintiff filed nothing further, which resulted in the
4 dismissal of the action.  See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir.
5 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum … is
6 properly met with the sanction of a Rule 41(b) dismissal.").  Moreover, the dismissal Order
7 in Wescott II clearly stated that Plaintiff could refile his action only upon paying the filing
8 fee.  Plaintiff again ignored the Court's Order by failing to pay the filing fee and instead
9 filing an IFP that is essentially identical to the IFP application which the Court found
10 deficient in Wescott II.  In view of Plaintiff's repeated failures to proceed with his claims in
11 the manner prescribed by the Court, there is no less drastic alternative than dismissal
12 available to the Court.
13      The Court finds that four of the five factors under Rule 41(b) strongly warrant
14 dismissal.  Accordingly,
15      IT IS HEREBY ORDERED THAT:
16      1.   In accordance with Civil Local Rule 3-12, the instant action shall be related to
17 No. C 17-7330 SBA and No. C 18-5842 SBA.
18      2.   Plaintiff's application to proceed IFP is DENIED.
19      3.   The instant action is DISMISSED under Federal Rule of Civil Procedure
20 41(b).
21      IT IS SO ORDERED.
22 Dated:  3/20/19

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge